UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

MEYER MINTZ and MEIR SPEAR,

        Plaintiffs,

     -v-                                 No.  05 Civ. 4904 (LTS)(HBP)

RONALD BARON et al.,

        Defendants,

BARON GROWTH FUND, and BARON
SMALL CAP FUND,

        Nominal Defendants.

--------------------------------------------------------x

**M**EMORANDUM **O**PINION AND **O**RDER

APPEARANCES:

ZIMMERMAN, LEVI & KORSINSKY, LLP
  By: Eduard Korsinsky, Esq.
39 Broadway, Suite 1601
New York, NY 10006

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP
  By: Seth M. Schwartz, Esq.
Four Times Square
New York, NY 10036

*Attorneys for Plaintiffs*

*Attorneys for Defendants*

LAURA TAYLOR SWAIN, United States District Judge

Plaintiffs Meyer Mintz and Meir Spear (collectively, "Plaintiffs") bring this derivative action on behalf of the Baron Growth Fund (the "Growth Fund") and the Baron Small Cap Fund (the "Small Cup Fund") (collectively, the "Funds") against Baron Capital, Inc. ("Baron Capital"), and the individual trustees of the Funds (the "trustees") (collectively, "Defendants"). Plaintiffs assert claims for breach of fiduciary duty under Section 36(b) of the Investment Company Act, 15 U.S.C. § 80a-35(b) ("ICA") against Baron Capital in connection with Baron Capital's receipt of allegedly excessive marketing and distribution expenses paid under Rule 12b-1 promulgated pursuant to the ICA, 17 C.F.R. § 270.12b-1 ("Rule 12b-1 fees") from September 12, 2003 (for the Growth Fund),[1] and from April 22, 2005 (for the Small Cap Fund) (Count I).  On substantially the same grounds, Plaintiffs also assert claims for breach of fiduciary duty under Massachusetts state law against the trustees (Count II).  The Court has jurisdiction of Plaintiffs' federal claim pursuant to 15 U.S.C. § 80a-35(b)(5) and supplemental jurisdiction of their state law fiduciary duty breach claim pursuant to 28 U.S.C. § 1367.

On September 19, 2006, the Court entered a Memorandum Opinion and Order granting in part Defendants' motion to dismiss the complaint, with leave for Plaintiffs to replead. (Docket Entry No. 15.)  Defendant Baron Capital moved for reconsideration of the Court's decision (Docket Entry No. 16), and Plaintiffs filed their Amended Complaint shortly thereafter.  (Docket Entry No. 18.)  Defendants then filed a motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Docket Entry No. 21.)

Baron Capital requests that its motion for reconsideration be consolidated for resolution with Defendants' motion to dismiss the Amended Complaint.  (See Docket Entry No.

---

[1]    Damages are recoverable for the Growth Fund fee payments, however, only from May 23, 2004, onward.  See discussion infra.

20.)  Because the subsequently filed Amended Complaint moots reconsideration of the first motion

to dismiss, and because the motion for reconsideration raises arguments relevant and similar to

those in the motion to dismiss the Amended Complaint, that request is granted.  The Court treats

the consolidated filings as a motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6).

The Court has considered thoroughly all of the parties' submissions and arguments.

For the following reasons, Defendants' motion to dismiss the Amended Complaint is granted with

leave to replead.


BACKGROUND

The Court presumes familiarity with the facts alleged in Plaintiff's original

complaint as well as the Court's legal reasoning in granting Defendants' first motion to dismiss, all

of which are set forth in Mintz v. Baron, No. 05 Civ. 4904 (LTS) (HBP), 2006 WL 2707338

(S.D.N.Y. Sept. 19, 2006) ("Mintz I").  In accordance with the Court's decision in Mintz I, the

Amended Complaint pleads Counts I and II as derivative claims and does not bring a Section 36(b)

claim against BAMCO, Inc., but the Amended Complaint does not otherwise differ substantially

from the original complaint.


DISCUSSION

On a motion to dismiss a complaint, the Court accepts the factual allegations in the

complaint as true, and draws all reasonable inferences in the plaintiff's favor.  Roth v. Jennings,

489 F.3d 499, 501 (2d Cir. 2007).  The complaint must plead "enough facts to state a claim to relief

that is plausible on its face."  Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008)

(quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).  The Court reviews each

Count separately.

Count I

_____An investment advisor or its affiliate violates the duty imposed by Section 36(b) if the fee charged is "so disproportionately large that it bears no reasonable relationship to the services rendered and could not have been the product of arm's-length bargaining."  Amron v. Morgan Stanley Investment Advisors Inc., 464 F.3d 338, 340 (2d Cir.2006) (quoting Gartenberg v. Merrill Lynch Asset Mgmt., Inc., 694 F.2d 923, 928 (2d Cir. 1982)).

> [C]ourts consider six factors in applying this standard.  These are: (1) the nature and quality of services provided to fund shareholders; (2) the profitability of the fund to the adviser-manager; (3) fall-out benefits; (4) economies of scale; (5) comparative fee structures; and (6) the independence and conscientiousness of the trustees.

Amron, 464 F.3d at 340 (citing Gartenberg 694 F.2d at 929-30).  In Mintz I, the Court applied Gartenberg holistically and found that Plaintiffs' allegations were "sufficient, albeit barely so, to plead facts demonstrating that the Rule 12b-1 fees were disproportionate to the services rendered." Mintz I, 2006 WL 2707338, at *4.

Defendants' motion to dismiss the ICA aspect of the Amended Complaint relies principally on the Second Circuit's decision in Amron, which was issued shortly after Mintz I and which clarified that the Gartenberg factors are examined separately in determining whether a plaintiff has provided sufficient factual context for its allegation that the 12b-1 fee in question is so disproportionately large as to bear no reasonable relationship to the services and could not have been the product of arm's length bargaining.  The Amron Court examined the allegations of the complaint in that case in light of each of the Gartenberg factors and, finding that the complaint alleged insufficient facts to sustain the cause of action, affirmed its dismissal.  See Amron, 464

F.3d at 343-45.  Post-Amron decisions in this District have similarly tested the specific factual

allegations of section 36(b) complaints in relation to each of the Gartenberg factors.  See Amron,

464 F.3d at 344 ("The standard, however, is not a simple balancing of the size of the fee against the

adequacy of the services.  The scope and demand of the fiduciary duty is contextual, turning on the

six well-established factors . . . ."); see also In re Salomon Smith Barney Mut. Fund Fees Litig., No.

04 Civ. 4055 (PAC), 2007 WL 4326514, at *3 n.6 (S.D.N.Y. Dec. 3, 2007) ("In Amron, the Second

Circuit resolved the debate . . . as to what degree of factual specificity is required for a § 36(b)

claim to survive a motion to dismiss") (citing comparison of pre-Amron district court decisions

which apparently used different standards to decide motions to dismiss Section 36(b) claims); In re

Evergreen Mut. Funds Fee Litig., 240 F.R.D. 115, 121 (S.D.N.Y. 2007) (on a motion to reconsider

pre-Amron decision granting motion to dismiss, noting that in Amron, "the Second Circuit recently

reexamined the pleading requirements for a claim under Section 36(b)," conducting a factor-by-

factor analysis, where pre-Amron decision did not conduct factor-by-factor analysis); In re Scudder

Mut. Funds Fee Litig., No. 04 Civ. 1921 (DAB), 2007 WL 2325862 (S.D.N.Y. Aug. 14, 2007)

(post-Amron decision conducting factor-by-factor analysis on motion to dismiss Section 36(b)

claim); Hoffman v. UBS-AG, 591 F. Supp. 2d 522, 537-41 (S.D.N.Y. 2008) (same).

     Accordingly, the Court applies each of the Gartenberg factors to Plaintiffs'

Amended Complaint in considering Defendants' motion.  The importance of such an examination

is underscored by the Supreme Court's rejection in Twombly v. Bell Atlantic, 550 U.S. 544 (2007)

of the rubric that a complaint should not be dismissed "'unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief'"[2] in

---

[2]    Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

favor of a standard that requires a plaintiff to plead, as noted above, "enough facts to state a claim to relief that is plausible on its face."  Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008) (quoting Twombly).  Measured by these standards, the Amended Complaint fails to state a Section 36(b) claim upon which relief may be granted.  Because that complaint was filed before the Amron and Twombly decisions, however, Plaintiffs will be afforded one further opportunity to replead.

              The first Gartenberg factor requires the Court to examine Plaintiffs' allegations concerning the nature and quality of the marketing, distribution and other administrative services provided to the Growth Fund and the Small Cap Fund by Baron Capital during the relevant time period.  Like that of its predecessor, the gravamen of the Amended Complaint is the allegation that no marketing services and no "new" administrative services were provided after the funds were partially closed.  The allegations are conclusory and bereft of sufficient factual support to render plausible any contention premised on the first Gartenberg factor -- the nature and quality of the services provided -- particularly in light of public SEC filings reflecting substantial net additional investments in the funds during the periods in question.[3]

              The Amended Complaint is silent with respect to facts addressing the five remaining Gartenberg factors.  Nothing is alleged with regards to the profitability of the Funds to Baron Capital, the second Gartenberg factor; the Amended Complaint does not specify Baron Capital's costs in providing their services, however minimal, during the relevant time.  See Amron, 464 F.3d

_____

[3]       The public filings clearly report that tens of millions of additional shares were sold after the Funds partially closed.  (See Exs. 5-8 of Seth H. Schwartz Decl. dated Oct. 20, 2006.)  See Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000) ("public disclosure documents required by law to be, and that have been, filed with the SEC" may be considered on a motion to dismiss a complaint).

at 344 ("assertions regarding the size of 12b-1 and advisory fees . . . are irrelevant to a showing of

profitability without some allegation of the corresponding costs incurred in operating the funds").

Plaintiffs also fail to allege whether any "fall-out benefits," that is, indirect profits to Baron Capital

attributable to the existence of the Funds, were accrued during this time, the third <u>Gartenberg</u>

factor.

   The fourth <u>Gartenberg</u> factor, whether economies of scale exist, requires Plaintiffs to

show that the "per unit cost of performing Fund transactions decreased as the number of

transactions increased."  <u>Amron</u>, 464 F.3d at 345 (quoting <u>Krinsk v. Fund Asset Mgmt., Inc.</u>, 875

F.2d 404, 411 (2d Cir. 1989)).  Plaintiffs allege that "it is highly unlikely that shareholders could

ever enjoy any economies of scale as a result of an increase in assets[,] because under the existing

fee structure for the Funds any increase in the Funds' asset base results in a corresponding increase

in the Rule 12b-1 fees . . . ."  (Am. Compl. ¶ 70 n.2.)  However, they do not allege Baron Capital's

costs nor the number of transactions during the relevant period.  <u>See</u> <u>Salomon</u>, 2007 WL 4326514,

at *5 ("Plaintiffs cannot meet their burden [under the fourth <u>Gartenberg</u> factor] simply by pointing

to the size of the funds and their rates of growth.").

   The Amended Complaint also fails to provide facts addressing the fifth and sixth

<u>Gartenberg</u> factors, in that it proffers no allegations comparing Baron Capital's fees with those of

other similar funds, nor does it allege anything having to do with the independence and

conscientiousness of the Trustees.

   In the absence of facts sufficient to provide context for any <u>Gartenberg</u> factor that

would support Plaintiffs' claim of excessive fees, the Amended Complaint fails to state plausibly a

claim under Section 36(b).

   Because Plaintiffs will be permitted to replead their claims, the Court has considered

Defendants' further argument that the Amended Complaint should be dismissed to the extent it seeks damages accruing after the date on which the original complaint in this action was filed. Citing, inter alia, dicta in Daily Income Fund v. Fox, 464 U.S. 523, 526 n.2 (1984), Defendants argue that the statue's provision that "No award of damages shall be recoverable for any period prior to one year before the action was instituted" precludes the recovery of damages for a period of more than one year.  For substantially the reasons stated in Judge O'Toole's well-reasoned and thorough analysis of the question in Forsythe v. Sun Life Financial, Inc., 475 F. Supp. 2d 122 (D. Mass. 2007), the Court finds that Defendants' proposed interpretation is neither consistent with the plain language of the statute nor compelled by binding precedent.  Accordingly, should Plaintiffs choose to replead, they may seek damages for the period beginning on May 23, 2004 -- the date one year prior to the filing of the original complaint -- including damages for fees paid after the filing of the complaint.


Count II

_____ In Mintz I, the Court dismissed Count II "to the extent Count II [was] premised on the alleged violation of Rule 12b-1 as a violation of a duty under Massachusetts state law," Mintz I, 2006 WL 2707338, at *6, based on the holding in Krinsk v. Fund Asset Mgmt., Inc., 875 F.2d 404, 412-13 (2d Cir. 1989).  Upon further review of the issue and having concluded that the cited authority was limited to the existence of other federal causes of action, the Court withdraws the paragraph of the Mintz I Memorandum Opinion and Order that immediately precedes the heading "Conclusion."

Count II of the Amended Complaint must nonetheless be dismissed, however, because Plaintiffs have not demonstrated that a demand was made on the trustees to initiate the

instant action.  Plaintiffs allege that such a demand was made via letter dated January 19, 2005, which included a draft complaint (Am. Compl. ¶ 74), but the letter merely threatened suit and explored the possibility of settlement; nothing in the letter specifically requested that the trustees vote to initiate the instant action.  (See Mahon Decl. Ex. B. ("The purpose of this letter is [to] determine whether you have any interest in exploring a resolution of this matter prior to the commencement of any legal action.  It is also the purpose of this letter to . . . demand that [the directors/trustees] take action to eliminate the improper fees being charged to the Fund under Rule 12b-1."")).  The draft complaint that was also sent to the trustees does not include a common law breach of fiduciary duty claim against the trustees, does not name the trustees as potential defendants, and does not mention the Small Cap Fund at all.  For all these reasons, the letter was not "sufficiently specific to apprise the corporation of the act or omission to be challenged and the grounds for that challenge so that the demand can be evaluated, and describe the relief requested." See Comment 2, Mass. Gen. Laws Ch. 156D, § 7.42 (West 2005); cf. Gatz v. Ponsold, Civ. A. No. 174-N, 2004 WL 3029868, *5 (Del. Ch. Nov. 5, 2004) ("To constitute a demand, a communication must specifically state: (i) the identity of the alleged wrongdoers, (ii) the wrongdoing they allegedly perpetrated and the resultant injury to the corporation, and (iii) the legal action the shareholder wants the board to take on the corporation's behalf").  Therefore, Count II of the Amended Complaint is dismissed without prejudice to such a claim being renewed after a written demand has been made and refused, and all the pleading requirements set forth by Massachusetts law met.

Because the Court concludes that no demand was made, the Court need not address the arguments as to which party bears the burden of demonstrating the independence or disinterestedness of the relevant trustees.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiffs' Amended

Complaint is granted without prejudice and with leave to replead. No later than April 9, 2009,

Plaintiffs shall serve and file a Second Amended Complaint or an affidavit attesting to the service

of a demand on the relevant Board(s). In the absence of a timely filing of either submission, the

action will be dismissed in its entirety, with prejudice and without further advance notice.

The Clerk of Court is respectfully requested to terminate Docket Entries Nos. 16 and

21.

SO ORDERED.

Dated:    New York, New York
          March 20, 2009

LAURA TAYLOR SWAIN
United States District Judge